935 F.2d 268
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Davey James REEDY, Plaintiff-Appellant,
v.
AUGUSTA CORRECTIONAL CENTER, Commonwealth of Virginia,
Defendants-Appellees.
Davey James REEDY, Plaintiff-Appellant,
v.
BUCKINGHAM CORRECTIONAL CENTER, Commonwealth of Virginia,
Defendants-Appellees.
Davey James REEDY, Plaintiff-Appellant, VSv.
AUGUSTA CORRECTIONAL CENTER, DENTAL DEPARTMENT, Commonwealth
of Virginia, Defendants-Appelllees.
Davey James REEDY, Plaintiff-Appellant,
v.
BUCKINGHAM CORRECTIONAL CENTER, MEDICAL DEPARTMENT,
Commonwealth of Virginia, Defendants-Appellees.
Davey James REEDY, Plaintiff-Appellant,
v.
AUGUSTA CORRECTIONAL CENTER, MEDICAL DEPARTMENT,
Commonwealth of Virginia, Defendants-Appellees.
 91-6023 to 91-6026 and 91-6300.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 6, 1991.
Decided May 31, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-90-922-AM, CA-90-945-AM, CA-947-AM, CA-90-948-AM, CA-90-946-AM)
 Davey James Reedy, appellant pro se.
 E.D.Va.
 AFIRMED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Davey James Reedy appeals from the district court's orders dismissing these 42 U.S.C. Sec. 1983 actions for failure to demonstrate administrative exhaustion. We affirm.
 
 
 2
 Acting pursuant to 42 U.S.C. Sec. 1997e, the district court ordered the appellant in each of these cases to exhaust administrative remedies and to advise the court within 100 days of the result of the administrative proceedings. It warned appellant that failure to advise the court regarding exhaustion would result in dismissal of these actions. When Reedy failed to comply in a timely fashion the court granted him a 30-day extension. When Reedy again failed to comply the court granted him an additional ten-day extension. Reedy submitted documents showing that he had only partially exhausted his remedies under the prison grievance system and that he thought further pursuit of his grievances would be futile. The court declined to credit this unsupported conclusion and dismissed the actions without prejudice.
 
 
 3
 The district court could properly require exhaustion of administrative remedies under 42 U.S.C. Sec. 1997e. Its dismissal of these actions, without prejudice, when appellant failed to comply with its orders, particularly in light of the number of extensions granted, was not an abuse of discretion.[1] We therefore affirm the judgments below. We deny Reedy's motion to reconsider the order consolidating these cases on appeal. We also deny his motion for discovery. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Attached to Reedy's "Motion for appeal" filed in each of these cases are documents showing that he may have exhausted his claim concerning his failure to receive recommended insoles for his shoes. However, this was not a claim raised in any of the cases currently on appeal